HARDIN ET AL. *v.* EHRING ET AL.

*Dead bodies—Right of surviving spouse to disinter and re-bury —Consent of collateral heirs necessary, when—"Next of kin" construed—Section 3467, General Code.*

While right to provide for original interment or disposition of body of one dying without descendants is, in the absence of testamentary provision therefor by decedent, in the surviving spouse and husband as "next of kin," within Section 3467, General Code, providing that officers of cemetery association shall disinter and deliver body buried therein, on application of next of kin, consent of such collateral heirs is necessary, that surviving husband may have the body disinterred and removed to another cemetery.

(Decided April 27, 1926.)

APPEAL: Court of Appeals for Madison county.

*Messrs. Crabbe & Johnson,* for plaintiffs.
*Mr. Charles S. Druggan,* for defendants.

FERNEDING, J. This case involves the right of a husband to disinter the body of his wife against

the protest of the wife's relatives, there being no children or other direct descendants of the wife.

This is an important question, and we have given the same very careful consideration. In our judgment, the husband had the right originally to provide for the disposition of the wife's body, either by interment or other disposition, especially so in the absence of a will executed by her. The husband, in the present case, procured a lot in Oak Hill Cemetery, Madison county, took title in his own name, and buried his wife therein. This was agreeable to her own wishes, expressed to her brothers and sisters before her decease.

We do not doubt the right of the husband in the present case to provide for the interment of his wife. The husband exercised that right and caused the interment of his wife's body in the burial lot purchased by him, where the body now reposes. The question here is as to the right of the husband, against the protest of the brothers and sisters of the deceased wife, to disinter the body and remove it to a lot secured by the husband in another cemetery located in another city some considerable distance away.

The evidence shows that the husband has been remarried and lives in the city where the cemetery to which the body is to be removed is located. The right of a husband to provide for the original interment or disposition of the body is set forth in the opinion by Dickson, J., in the case of *Evans* v. *Evans,* 9 N. P. (N. S.), 589, 23 O. D. (N. P.), 375, and we are in accord with that opinion. Here, however, a different question arises. Counsel for the defendant relies upon Section 3467, General

Code, which provides that the trustees or board of any cemetery association, or other officers having control and management thereof, "shall disinter or issue a permit for disinterment, and deliver any body buried in such cemetery, on application of the next of kin of the deceased," etc. This is a mandatory statute, but its operation depends upon the scope of the words "next of kin." These words have been variously construed by different courts, some holding that "next of kin" means only the blood relatives, while others hold that the term is broad enough to include the husband or wife of a decedent. We are of opinion that the courts of this state adopt the broader meaning and include within the term the husband, or wife, as well as the blood relatives, in cases where there are no children.

The case of *Steel, Admr.,* v. *Kurtz,* 28 Ohio St., 191, holds that the husband is included in the "next of kin" in the statute allowing for recovery of damages for wrongful death. That statute, of course, includes husband and wife along with the "next of kin," but in the recent case of *Godfrey* v. *Epple,* 100 Ohio St., 447, 126 N. E., 886, 11 A. L. R., 317, the broader definition, which includes the husband or wife along with the collateral relatives of the decedent, was adopted by the Supreme Court in an opinion written by Chief Justice Nichols. That, of course, was a property question, but we think the same principle should be adopted in the construction of Section 3467, General Code. It is true that the nonancestral property of the deceased wife in this case would have gone to the husband, there being no children, but the ancestral real estate, if

any, would have gone partly to the husband and partly to the blood relatives of the wife, so that even if we give the words of the statute, "next of kin," the narrow interpretation, it would include the collateral relatives, and if we give it the broad interpretation it would include both the husband and the collateral relatives: so that in either event, before this statute could be executed, the consent of the blood relatives of the wife must be secured.

In view of the above conclusions, the decree will be in favor of the plaintiffs and a permanent injunction allowed.

*Decree for plaintiffs.*

Allread and Kunkle, JJ., concur.